**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 126.]**

COLUMBUS BAR ASSOCIATION *v.* BOWEN.

[Cite as *Columbus Bar Assn. v. Bowen*, 1999-Ohio-300.]

*Attorneys at law—Misconduct—Six-month suspension—Conduct involving dishonesty, fraud, deceit, or misrepresentation—Conduct adversely reflecting on ability to practice law—Neglect of an entrusted legal matter— Failing to seek lawful objectives of client—Prejudicing client during course of representation.*

(No. 99-833—Submitted July 28, 1999—Decided October 13, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-36.

————————————

{¶ 1} On June 8, 1998, relator, Columbus Bar Association, filed a complaint charging that respondent, John W.E. Bowen of Columbus, Ohio, Attorney Registration No. 0001899, violated several Disciplinary Rules while representing Vivian Williams from 1992 through 1997. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The parties stipulated to testimony and exhibits, and the panel made the following findings of fact.

{¶ 3} In 1992, Vivian Williams retained respondent to represent her in a personal injury case. Respondent filed suit on behalf of Williams in 1994, but he then failed to respond to the defendant's discovery requests and subsequent motion for sanctions for that failure.

{¶ 4} Respondent did appear at a July 1995 pretrial in the Williams case, and shortly thereafter supplied the defendant with Williams's medical bills and records. Believing that this documentation would facilitate a settlement and make

a trial unnecessary, respondent did not appear at court on the August 2, 1995 trial date. The court issued an order that respondent show cause by August 11, 1995, why he had not responded to the defendant's discovery requests and other motions. Receiving no reply, the court dismissed the case with prejudice for want of prosecution.

{¶ 5} Respondent did not inform Williams of the dismissal but repeatedly contacted the judge in an attempt to have the order vacated. At the same time, respondent failed to answer telephone calls by Williams or respond to her certified letters requesting information about her case.

{¶ 6} After Williams filed a grievance with relator, respondent met with her in September 1997. According to Williams, respondent told her for the first time that her case had been dismissed with prejudice two years earlier. Respondent also reportedly said that the judge had personal problems and could not hold a trial. Respondent claimed that he had told Williams of the dismissal near or at the time of the order, and also told her that the judge who dismissed the case was now temporarily off the bench.

{¶ 7} The panel concluded that by his conduct respondent violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (conduct reflecting adversely upon an attorney's ability to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful objectives of a client), and 7-101(A)(3) (prejudicing a client during the course of representation). The panel noted that respondent, who was admitted to the bar in 1953 and who had served as a state legislator and was well respected in the community, was extremely contrite and admitted that he had mishandled Williams's case.

{¶ 8} The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed on condition that respondent reimburse Williams. The board adopted the findings and conclusions

of the panel, but recommended that respondent be actually suspended from the practice of law for six months.

—————————

*Bruce Campbell* and *Janice M. Bernard,* for relator.

*John W.E. Bowen, pro se*.

—————————

**Per Curiam.**

**{¶ 9}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————